IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVONTE L. COOK,<br>#Y11110, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 17-cv-01131-SMY<br>) |
| C/O JOHNSON,<br>C/O COPPLE<br>and C/O KORTE, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Devonte Cook, an inmate who is currently incarcerated in Pinckneyville Correctional Center ("Pinckneyville"). (Doc. 18). Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against three officials at Centralia Correctional Center ("Centralia") who allegedly violated his Eighth Amendment rights at the prison in 2016 and 2017. (Doc. 1). Specifically, Plaintiff maintains that C/O Johnson subjected him to sexual harassment in December 2016. (Doc. 18, pp. 5-6; Doc. 18-1, pp. 1-12). He also claims that C/O Copple[1] and C/O Korte used excessive force against him in January 2017. *Id*. Plaintiff seeks monetary damages against the defendants for these alleged violations of his Eighth Amendment rights and for intentional infliction of emotional distress under Illinois state law. (Doc. 18, p. 7). He also seeks their termination from employment. *Id*.

---

[1] Although Plaintiff refers to this defendant as "C/O Copple" in the case caption, he consistently refers to the same individual as Sergeant Copple throughout the statement of his claim. For the sake of consistency, the Court will refer to this defendant as "C/O Copple."

1

Plaintiff originally filed this action in the United States District Court for the Central District of Illinois. *See Cook v. Johnson*, No. 17-cv-01474 (C.D. Ill. Oct. 20, 2017). The Central District transferred the case to the Southern District of Illinois after determining that venue lies in this District. (Doc. 6). Soon after filing the original Complaint (Doc. 1), Plaintiff filed a Supplement (Doc. 9) that consisted of additional factual allegations and exhibits. The original Complaint and Supplement were re-filed together as the First Amended Complaint (Docs. 18 and 18-1) on December 1, 2017. The First Amended Complaint supersedes and replaces the original Complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).

The First Amended Complaint is now subject to screening under 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line

between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). As part of the screening order, the Court will also consider whether any claims in the First Amended Complaint are improperly joined in this action and are subject to severance. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

### First Amended Complaint

In the First Amended Complaint, Plaintiff complains of two incidents that allegedly resulted in deprivations of his constitutional rights at Centralia. The first involves allegations of sexual comments and touching by C/O Johnson on or around December 24, 2016. (Doc. 18, p. 8). The second involves allegations of excessive force against C/O Copple and C/O Korte on or around January 18, 2017. (Doc. 18, pp. 5-6).

### Sexual Harassment

On December 24, 2016, C/O Johnson allegedly told Plaintiff not to "spread [his] ass cheek[s] for [his] selle (sic)." (Doc. 18, p. 5). Johnson then approached Plaintiff and grabbed his upper leg near his genitals. *Id*. After doing so, the officer brushed past Plaintiff in a manner that caused their buttocks to touch. (Doc. 18-1, p. 3).

Plaintiff claims that the officer made this comment to him approximately five times. (Doc. 18-1, p. 3). He believes that C/O Johnson pegged him as a new inmate based on his identification number and targeted him for sexual harassment. *Id*. Plaintiff also alleges that other officers engaged in similar conduct, but he identifies no one else in connection with this claim. (Doc. 18, p. 5; Doc. 18-1, p. 3).

3

Plaintiff filed grievances to complain about the encounter and the nightmares it caused him to have about sexual assault by prison guards. (Doc. 18-1, p. 6). He also sought mental health counseling. *Id*. In the meantime, he required medication to sleep. *Id*.

**Excessive Force**

On January 18, 2017, C/O Copple allegedly placed Plaintiff in cuffs that were too tight and then shoved his head into a door. (Doc. 18, p. 5; Doc. 18-1, p. 4). Plaintiff suffered from injuries that included a knot on his head and cuts to his wrist. *Id*. Copple and C/O Korte then took Plaintiff to the shower and shoved him through the door. (Doc. 18, p. 6; Doc. 18-1, p. 3). As they did so, Plaintiff's thumb became caught in a metal bar and began to bend backward. *Id*. Copple and Korte nevertheless forced Plaintiff through the shower door and caused nerve damage to his thumb and arm. *Id*. Copple then destroyed all of Plaintiff's grievances, photos, and "write outs" by tossing them onto the flooded floor. *Id*.

**Discussion**

The Court deems it appropriate to divide the *pro se* action into the following enumerated counts to facilitate the orderly management of future proceedings in this case and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b):

**Count 1 -** Eighth Amendment deliberate indifference claim against C/O Johnson for sexually harassing and touching Plaintiff on or around December 24, 2016.

**Count 2** - Illinois state law claim against C/O Johnson for intentional infliction of emotional distress arising from the sexual harassment and touching that occurred on or around December 24, 2016.

**Count 3** - Eighth Amendment claim against C/O Copple and C/O Korte for subjecting Plaintiff to the unauthorized use of force by cuffing him too tightly and forcing him into the shower on or around January 18, 2017.

**Count 4 -** Illinois state law claim against C/O Copple and C/O Korte for intentional infliction of emotional distress arising from their use of excessive force against him on or around January 18, 2017.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. These designations do not constitute an opinion regarding the merits of the above-referenced claims. **Any claims that are encompassed by the allegations in the First Amended Complaint but not identified above are considered dismissed without prejudice for failure to meet the *Twombly* pleading standards.**

### Severance

Before considering the merits of any claims, the Court must first consider whether the claims and defendants are properly joined in this action. *See* FED. R. CIV. P. 18-21. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)). Claims against different groups of defendants that do not arise from a single transaction or occurrence (or series of related transactions or occurrences) and also do not share a common question of law or fact may not be joined in the same suit. *See* FED. R. CIV. P. 20(a)(2). A prisoner who files a "buckshot complaint," such as the one filed by Plaintiff, that includes multiple claims against different individuals should not be allowed to avoid "risking multiple strikes for what should have been several different lawsuits." *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010) (citing *George*).

The Court has broad discretion when deciding whether to sever claims under Federal Rule of Civil Procedure 21 or to dismiss improperly joined defendants. *See Owens v. Hinsley*,

635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). However, the Seventh Circuit has repeatedly and emphatically warned district courts not to allow inmates "to flout the rules for joining claims and defendants, *see* FED. R. CIV. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). *See also Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017) (district court should have severed unrelated and improperly joined claims or dismissed one of them).

The Court finds that Plaintiff's claims against C/O Johnson are improperly joined with the claims against C/O Copple and C/O Korte. Counts 1 and 2 against C/O Johnson arise from allegations of sexual harassment and touching on December 24, 2016. (Doc. 18, pp. 5-6; Doc. 18-1, p. 3). Counts 3 and 4 against C/O Copple and C/O Korte involve allegations of excessive force that occurred at on January 18, 2017. *Id*. Thus, Plaintiff seeks to bring two sets of claims against different defendants, based on entirely separate occurrences at Centralia. He makes no allegations that suggest any connection between the claims or defendants. As such, Counts 1 and 2 do not belong in the same action as Counts 3 and 4.

Consistent with *George* and Federal Rule of Civil Procedure 21, the Court will sever Counts 3 and 4 against C/O Copple and C/O Korte into a separate action. The newly severed case will receive a new case number, and Plaintiff will be assessed another filing fee for the case. The claims will be separately screened under 28 U.S.C. § 1915A.

**Claims Against C/O Johnson**

The Court will now consider the merits of the Eighth Amendment deliberate indifference claim in Count 1 and the Illinois state law claim for intentional infliction of emotional distress in Count 2 against C/O Johnson. Allegations of verbal harassment typically do not rise to the level

6

of an Eighth Amendment violation. *See Dobbey v. Ill. Dep't of Corrections*, 574 F.3d 443, 446 (7th Cir. 2009). *See also DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). However, there are certain situations in which verbal harassment may support a claim of deliberate indifference under the Eighth Amendment. *See e.g., Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015).

For screening purposes, the allegations in the First Amended Complaint support a such claim. Plaintiff describes verbal harassment and physical contact by C/O Johnson that was sexual in nature. (Docs. 18, 18-1). He also describes psychological trauma that resulted from the encounter with C/O Johnson on December 24, 2016. *Id*. He mentions five occurrences. *Id*. Plaintiff claims that he required counseling and medication as a result of his encounter with the defendant. *Id*. This situation is not unlike the one presented in *Beal*, where the plaintiff suffered from severe psychological harm and sought "psych services" for the sexual harassment and taunting by a prison official. *Beal*, 803 F.3d at 358. Thus, Count 1 will receive further review against C/O Johnson.

Plaintiff also asserts a claim in Count 2 against C/O Johnson under Illinois law for intentional infliction of emotional distress. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), if the state claim "derive[s] from a common nucleus of operative fact" with the original federal claim. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).

The Court has original jurisdiction over Plaintiff's § 1983 action. His claim for intentional infliction of emotional distress arises from the same factual circumstances as his Eighth Amendment claim. Therefore, the Court will exercise supplemental jurisdiction over this related state law claim.

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant(s) intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress. *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006). The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988).

The allegations in the First Amended Complaint suggest that Plaintiff may have suffered from the intentional infliction of emotion distress as a result of C/O Johnson's conduct. For screening purposes, Count 2 survives preliminary review against this defendant.

### Pending Motions

Plaintiff's Motion to Request Counsel (Doc. 5) and Supplement (Doc. 20) shall be **REFERRED** to a United States Magistrate for a decision in this case and in the newly-severed action.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 3** and **4**, which are unrelated to all other claims in this case, are **SEVERED** into a single new case against Defendants **C/O COPPLE** and

**C/O KORTE**, which shall be captioned: **DEVONTE L. COOK, Plaintiff v. C/O COPPLE and C/O KORTE, Defendants.**

In each new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order;

(2) The First Amended Complaint (Docs. 18 and 18-1);

(3) Plaintiff's Motion to Proceed *in forma pauperis* (Docs. 3 and 11);

(4) Motion to Request Counsel (Doc. 5) and Supplement (Doc. 20).

Because Plaintiff was granted leave to proceed *in forma pauperis* in this case, he shall be granted leave to proceed as a poor person in the newly-severed case as well. Plaintiff **will be responsible for an additional $350.00 filing fee** in the new case. The claims in the newly severed case, including Counts 3 and 4, will be screened pursuant to 28 U.S.C. § 1915A after the new case number and judge assignment are made. No service shall be ordered on the defendant(s) in the newly-severed case until the § 1915A review is complete.

**IT IS FURTHER ORDERED** that the *only claims remaining in this action are COUNTS 1 and 2 against Defendant C/O JOHNSON*. This case shall now be captioned: **DEVONTE L. COOK, Plaintiff v. C/O JOHNSON, Defendant.**

**IT IS ORDERED** that Defendants **C/O COPPLE** and **C/O KORTE** are **DISMISSED** with prejudice from *this* action.

**IT IS ORDERED** that **COUNTS 1** and **2**, the only claims at issue in this case, survive screening and shall proceed for further review against Defendant **C/O JOHNSON**.

With respect to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendant **C/O JOHNSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a

copy of the First Amended Complaint (Docs. 18 and 18-1) and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant and the Court will require Defendant to pay the full costs of formal service to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a decision on Plaintiff's Motion to Request Counsel (Doc. 5) and Supplement (Doc. 20).

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge **Daly** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 31, 2018**

                    **s/ STACI M. YANDLE**
                    **District Judge**
                    **United States District Court**