IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEVONTE L. COOK, # Y-11110, )
)
          Plaintiff, )
)
vs. ) Case No. 18-cv-163-MJR
)
C/O COPPLE, )
and C/O KORTE, )
)
          Defendants. )

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for a preliminary merits review of the Complaint pursuant to 28 U.S.C. § 1915A. On January 31, 2018, this Court ordered the claims in this this *pro se* § 1983 civil rights action (identified as Counts 3 and 4 in the original case) to be severed from Plaintiff's original case, *Cook v. Johnson, et al.*, Case No. 17-cv-1131-SMY-RJD.[1] (Doc. 1). Plaintiff is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). The claims in this case arose at Centralia Correctional Center ("Centralia") in 2017, and were outlined by the Court in Case No. 17-cv-1131 as follows. For clarity, the Court shall continue to refer to these claims as Counts 3 and 4 in this action:

    **Count 3** – Eighth Amendment claim against C/O Copple and C/O Korte for subjecting Plaintiff to the unauthorized use of force by cuffing him too tightly and forcing him into the shower on or around January 18, 2017;

    **Count 4** – Illinois state law claim against C/O Copple and C/O Korte for intentional infliction of emotional distress arising from their use of excessive force against him on or around January 18, 2017.

---

[1] Plaintiff initially filed this action in the Central District of Illinois; it was then transferred to this District. *See Cook v. Johnson, et al*, No. 17-cv-1474 (C.D. Ill. Oct. 20, 2017).

1

## The Complaint (Doc. 2)

According to Plaintiff, on January 18, 2017, Copple placed Plaintiff in handcuffs that were too tight, and then shoved his head into a door. (Doc. 2, p. 5 Doc. 2-1, p. 4). Plaintiff suffered a knot on his head and cuts on his wrist. *Id.*

Copple, together with Korte, then took Plaintiff to the shower, where Korte pushed Plaintiff forward into the shower and then backward. (Doc. 2, p. 6; Doc. 2-1, p. 4). During the shoving, Plaintiff's thumb became caught in a metal shower bar. Korte bent Plaintiff's thumb as if he was attempting to break it. (Doc. 2, p. 6; Doc. 2-1, pp. 4-5). This injured Plaintiff's thumb and aggravated a previous injury to Plaintiff's right arm which had damaged his nerves. Plaintiff's thumb stayed numb for a month and a half. *Id.*

In addition, Copple destroyed all of Plaintiff's grievances, photos, "write outs," and mental health records by tossing them onto the flooded floor of Plaintiff's cell. (Doc. 2, p. 5; Doc. 2-1, p. 4).

Plaintiff seeks compensatory damages. (Doc. 2, p. 7).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Counts 3 and 4 survive threshold review under § 1915A, and shall proceed for further consideration.

**Count 3 – Excessive Force**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S.

3

1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

From Plaintiff's description, it appears that Copple's actions of applying the handcuffs so tightly that they lacerated Plaintiff's wrists, and then shoving Plaintiff's head into a door, went beyond what may have been necessary to maintain discipline and suggest that Copple acted maliciously. Korte's subsequent conduct of shoving Plaintiff into the shower and bending his trapped thumb also support an excessive force claim. If Copple was present during the shower incident and failed to intervene, he may also be subject to liability for those events. *See Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases).

Accordingly, Plaintiff may proceed with his Eighth Amendment excessive force claim against both Copple and Korte in **Count 3**.

**Count 4 – State Law Claim – Intentional Infliction of Emotional Distress**

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)). Based on this authority, the Court has supplemental jurisdiction over Plaintiff's state law claim

for intentional infliction of emotional distress, which arises from the same factual events as the Eighth Amendment claim in Count 3.

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant(s) intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress. *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see also Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006); *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001). The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). To be actionable, the defendant's conduct "must go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker*, 256 F.3d at 490 (citing *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992); *Campbell v. A.C. Equip. Servs. Corp.*, *Inc.*, 610 N.E.2d 745, 749 (Ill. App. 1993). Whether conduct is extreme and outrageous is judged on an objective standard, based on the facts of the particular case. *Honaker*, 256 F.3d at 490.

Plaintiff's Complaint suggests that Copple's and Korte's conduct was intentional, and that Plaintiff may have suffered severe emotional distress as a result. The physical force inflicted on Plaintiff by Copple and Korte would support this claim. Additionally, Copple's intentional destruction of Plaintiff's personal papers and photographs, while not in violation of any constitutional right, may form the basis for a claim for intentional infliction of emotional distress. At this early stage, therefore, Plaintiff may also proceed with his state law claim in **Count 4** against Copple and Korte.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 5) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

The Clerk of Court shall prepare for Defendants **COPPLE** and **KORTE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 5).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 14, 2018**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court
